# IN THE UNITED STATE DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| SHERRARD DEWAYNE TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3-15CV3321-M |
| THE CITY OF DALLAS, | § | |
| JESSE ROBERT AQUINO, | § | |
| RICARDO SALAS, and JUSTIN | § | |
| THOMAS, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW,** SHERRARD DEWAYNE TAYLOR, Plaintiff, complaining of The City of Dallas, Jesse Robert Aquino, Ricardo Salas and Justin Thomas, and for cause of action will respectfully show unto the Court as follows:

## I. PARTIES

1. Plaintiff is a resident of Dallas County, Texas.

2. Defendant The City of Dallas is a municipality and service can be effected by serving its City Attorney, Warren M.S. Ernst, 1500 Marillo St., Room 7N, Dallas, Texas 75201.

3. Defendant Jesse Robert Aquino is an individual residing in Dallas County, Texas, and service can be effected at his place of employment, Dallas Police Department, 1400 S. Lamar Street, Dallas, Texas 75215.

4. Defendant Ricardo Salas is an individual residing in Dallas County, Texas, and service can be effected at his place of employment, Dallas Police Department, 1400 S. Lamar Street,

Dallas, Texas 75215.

5. Defendant Justin Thomas is an individual residing in Dallas County, Texas, and service can be effected at his place of employment, Dallas Police Department, 1400 S. Lamar St., Dallas, Texas 75215.

## II. JURISDICTION AND VENUE

6. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983. Any state law claims are brought pursuant to 28 U.S.C. § 1367 and are subject to this Court's supplemental jurisdiction. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391 because Defendants Jesse Robert Aquino, Ricardo Salas and Justin Thomas are domiciled and/or reside in the Northern District of Texas. This Court has jurisdiction over Defendant City of Dallas because it is an incorporated municipality of the State of Texas, situated in the Northern District of Texas. Additionally, the City of Dallas was acting under color of State law by and through its agents and/or employees, who were acting within the course and scope of their agency and/or employment.

7. Venue is proper because all or a substantial part of the cause of action accrued in the Northern District.

## III. FACTS AND ALLEGATIONS

8. This case arises out of the illegal search and seizure, false arrest, incarceration, subsequent charge by information and malicious prosecution of Sherrard Dewayne Taylor (hereinafter "Mr. Taylor"). Plaintiff would show that on or about October 16, 2013, Mr. Taylor was stopped by City of Dallas Police Officers Jesse Aquino, Badge No. 10034, and Officer Ricardo Salas, Badge No. 10052, for allegedly running a stop sign at the intersection of Sunnyvale and

Cummings. Knowing that he had legal, registered firearms in his possession, Plaintiff presented his Concealed Handgun License to the Officers simultaneously with his driver's license. Without taking that into account, the Officers verbally abused Plaintiff by screaming profanities and exclaiming threats. Officer Aquino then drew his firearm on Mr. Taylor and thereby caused other Officers who arrived at the scene to draw their firearms. Consent to search was denied by Mr. Taylor; however, the Officers went on to damage Plaintiff's vehicle during an illegal search. The Officers then seized his firearms, handcuffed and arrested him.

9. As a result, Plaintiff was charged with unlawfully carrying a concealed weapon for "having a gun in plain view."

10. Plaintiff asserts that the firearms were not in plain view, as one firearm was in the door console, which was completely closed, and the other was in the closed center console.

11. During the stop, Officers Aquino, Salas, Thomas and several other police officers drew firearms on Plaintiff, which was initiated by Officer Aquino yelling "Gun!". Plaintiff did not have a firearm drawn but had only advised the police officers that he had his registered, legal firearms in his vehicle, which were at all times concealed. The fact that firearms were drawn on Plaintiff as a response to Officer Aquino's statement, is excessive use of a tangible item belonging to Defendant City of Dallas, which were the officers' guns. Neither firearm owned by Plaintiff was in plain view as stated by Officer Aquino.

12. During the illegal search of Plaintiff's vehicle, Officer Justin Thomas removed a firearm from the center console of Plaintiff's vehicle, and Officer Salas removed a firearm from the door console. Officers Jesse Aquino, Ricardo Salas and Justin Thomas' subsequent reports had inconsistent, conflicting, and/or misleading statements.

13. Plaintiff filed a complaint with the Internal Affairs Division of the Dallas Police Department, which began a full investigation into the arrest and incarceration of Plaintiff.

14. At the conclusion of the Dallas Police Internal Affairs investigation, Officers Jesse Aquino and Ricardo Salas were sustained on the following violations of law and Dallas Police Department Code of Conduct VI, VIII and General Orders:

    A. false arrest;

    B. inaccurate, false, or improper information on a police report;

    C. failing to follow established procedures by not wearing a wireless microphone while operating a DVR equipped vehicle; and

    D. not complying with the established speed limit while driving Code 1.

15. Officer Justin Thomas was found in violation of Dallas Police Department Code of Conduct VIII by giving written, inconsistent, conflicting, and/or misleading statements during an internal investigation.

16. After being falsely arrested, and formally charged with carrying a concealed weapon, Plaintiff had to bond out of jail, retain an attorney to represent him, and make court appearances for approximately one (1) year.

17. The charge was eventually dismissed by Dallas County District Attorney's Office, stating that "Officers Jesse Aquino...and Ricardo Salas...of the Dallas Police Department each had allegations of false arrest sustained against them by the Dallas Police Department Administrative Investigation Unit...for their actions taken in this case. Consequently, this case should be dismissed in the interest of justice."

## IV. CAUSES OF ACTION

### 42 U.S.C. § 1983

18. Plaintiff re-alleges and restates all of Paragraphs 8 through 17 of this Complaint and incorporates each of said paragraphs herein by reference.

19. Defendants had actual notice of the injuries suffered by Plaintiff. Any conditions precedent have occurred, been performed, or have been waived.

20. Acting under the color of law, the Defendants have deprived Plaintiff of the rights and privileges secured to Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and by other laws of the United States. They falsely arrested Plaintiff for violation of law, falsely incarcerated Plaintiff, harassed, abused, maliciously prosecuted Plaintiff, and otherwise violated basic civil rights afforded all citizens of the United States.

21. By their actions and/or inactions as described above, Defendants have violated 42 U.S.C. § 1983 and the constitutional provisions cited therein. Specifically, Defendants Aquino and Salas arrested Plaintiff without probable cause to arrest Plaintiff for unlawfully carrying a concealed weapon, after Plaintiff had presented Defendants with his Concealed Handgun License. As a proximate result of the arrest and detainment of Plaintiff and of the falsified and misleading statements of Defendants Jesse Aquino, Ricardo Salas, Justin Thomas, Plaintiff was formally charged with unlawfully carrying a concealed weapon.

22. As a direct and proximate result of the above-described actions of the individual Defendants, Plaintiff was deprived of his rights against unreasonable search and seizure, equal protection and due process, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States. This is a clear violation of 42 U.S.C. § 1983. Specifically,

Plaintiff, by virtue of the wrongful arrest and wrongful incarceration, has suffered unreasonable seizure of his person in the form of confinement in the Dallas County Jail. The charges against Plaintiff were procured by fraud, perjury and other corrupt means – specifically, the falsified police reports.

23. As a direct and proximate result of the occurrences made the basis of this lawsuit, Plaintiff was forced to suffer incarceration in the Dallas County Jail. His wrongful arrest and subsequent and unnecessary deprivation of freedom caused him to suffer severe mental anguish. Plaintiff has suffered serious and substantial injuries for which he requests the award of the following categories of damages:

    a. Emotional distress and mental anguish;

    b. Damage to property;

    c. Damage to reputation.

24. Pursuant to 42 U.S.C. § 1983 and 1988, Plaintiff seeks to recover, and hereby requests the award of exemplary damages, reasonable attorney's fees and costs of court.

### False Arrest and False Imprisonment

25. Plaintiff re-alleges and restates all of Paragraphs 8 through 17 of this Complaint and incorporates each of said paragraphs herein by reference.

26. By and through Defendants' falsified police reports, Defendants willfully detained Plaintiff, without his consent; and, without legal authority or justification. Specifically, Plaintiffs' confinement in the Dallas County Jail was a false imprisonment perpetrated by the Defendants' false charge of unlawfully carrying a weapon.

27. In his action for false imprisonment, Plaintiff requests actual damages for humiliation,

shame, fright, mental anguish and loss of earning capacity. Additionally, Plaintiff seeks exemplary damages based on Defendants' wilful and malicious actions.

28. Plaintiff requests pre-judgment and post-judgment interests and court costs.

### Fraud

29. Plaintiff re-alleges and restates all of Paragraphs 8 through 17 of this Complaint and incorporates each of said paragraphs herein by reference.

30. Officers Aquino, Salas, and Thomas produced police reports in this case that contained gross misrepresentations regarding the facts that led to Mr. Taylor being arrested for Unlawful Carrying a Weapon. These officers later admitted the representations were false and attempted to correct them, or denied knowledge of very apparent facts. The aforementioned misrepresentations induced the government, namely the Dallas County District Attorney's Office to act. Said actions included filing charges against Mr. Taylor for Unlawful Carrying a Weapon. This false underlying criminal charge led to pecuniary loss and hardship for Mr. Taylor, including, but not limited to, attorney's fees and lost wages.

### Malicious Prosecution

31. Plaintiff re-alleges and restates all of Paragraphs 8 through 17 of this Complaint and incorporates each of said paragraphs herein by reference.

32. The individual Defendants maliciously prosecuted Plaintiff under State Law and caused subsequent harm to Plaintiff as described above. A criminal prosecution was commenced against Plaintiff. The Defendants, by and through their false police reports, initiated or procured the criminal prosecution. The criminal prosecution was subsequently terminated in Plaintiff's favor, i.e., the case against Plaintiff was dismissed. The Plaintiff was innocent of the charges and there was an

absence of probable cause for the proceedings. The Defendants acted with malice and Plaintiff was damaged by detainment in the Dallas County Jail.

## V.  JURY REQUEST

33. Plaintiff respectfully requests a jury trial.

## VI. PRAYER

34. **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be rendered against Defendants. Plaintiff further prays for all other relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully submitted,

THE FARMER LAW GROUP, PLLC

By:_____
Anthony Farmer
State Bar No. 24057844
400 S. Zang Blvd., Suite 350
Dallas, Texas 75208
(214) 948-8333
(214) 948-0378 – Facsimile
afarmer@farmerlawgroup.com

**ATTORNEYS FOR PLAINTIFF**

JS 44-TXND (Rev. 2012) ORIGINAL

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sherrard Taylor

**DEFENDANTS**
City of Dallas, 2015 OCT 14 PM 2:22 Jesse Robert Aquino
City of Dallas Police Officer Ricardo
City of Dallas Police Officer Justin Thomas

(b) County of Residence of First Listed Plaintiff  Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Anthony Farmer
The Farmer Law Group, PLLC
400 S. Zang, Suite 350
Dallas, TX 75208    214-948-8333

Attorneys *(If Known)*

3-15CV3321-M

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C., Section 1983
Brief description of cause:
False Arrest, False Imprisonment, Fraud and Malicious Prosecution

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ ___
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*
JUDGE ___   DOCKET NUMBER ___

DATE  10-14-15
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___