IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRARD D. TAYLOR | § | |
| VS. | § | NO. 3:15-CV-3321-M |
| CITY OF DALLAS, ET AL. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF DALLAS' MOTION TO DISMISS UNDER RULE 12 (b) (6) FOR FAILURE TO STATE A CLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SHERRARD TAYLOR, Plaintiff, and files the following response to Defendant City of Dallas' Motion to Dismiss under Rule 12 (b) (6) for Failure to State a Claim:

1.

**Defendant's Grounds for Dismissal**

Defendant City of Dallas raises several grounds for dismissal: failure to plead municipal liability, failure to identify the City's policymaker, failure to plead facts supporting the existence of an offending city custom, failure to plead facts showing deliberate indifference, failure to plead a viable Fifth Amendment claim and failure to plead a plausible Fourteenth Amendment claim.

A.  Municipal liability, offending custom, deliberate indifference:

With respect to the City's arguments regarding Plaintiff's municipal liability, offending custom and deliberate indifference pleadings, Plaintiff recognizes that he must plead more specifically the factual basis for the City's liability. Therefore, he seeks leave to replead.

B.  Request for leave to replead:

This is not a situation where Plaintiff *cannot* sufficiently plead a tortious interference claim under any set of facts. *See McCormack v. National Collegiate Athletic Ass'n*, 845 F.2d 1338, 1343 (5th Cir.1988) (motion to dismiss will be affirmed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

Leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15 (a) (2); *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir. 1981), and leave to amend should not be denied without a substantial reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Stripling v. Jordan Production Co.*, 234 F.3d 863, 872 (5th Cir. 2000). Because of the uncertainty of pleading standards resulting from the *Iqbal* and *Twombly* decisions, courts may be more

inclined to grant leave to amend. *See Independent Trust Corp. v. Steward Information Services*, 665 F.3d 930, 943 (7th Cir. 2012).

  C. <u>Identification of the Policymaker</u>:

Because this issue may well arise with repleading, Plaintiff will now address the City's contention that he must plead the identity of the municipal policymaker. Cited in support of this proposition is *Davenport v. City of Garland*, No. 3:09-CV-798-B (N.D. Tex. 2010) (District Judge Boyle adopting findings of Magistrate Stickney). Defendant has not shown that this proposition has ever been adopted by the Fifth Circuit or otherwise constitutes binding precedent on this Court.

  D. <u>Alleged failure to plead viable Fifth and Fourteenth Amendment claims</u>:

In these two sections of its motion to dismiss, the City appears to argue that the nature of Plaintiff's Fifth and Fourteenth Amendment claims are not cognizable under 42 U.S.C. § 1983, apart from any considerations of pleading the City's liability. Plaintiff has pled a viable Fourth Amendment claim, regardless of the viability of any Fifth and Fourteenth Amendment claims.

WHEREFORE, Plaintiff prays that the Court deny the City's motion as to pleading the identity of the policymaker, and grant Plaintiff leave to replead.

          Respectfully submitted,

          /s/ Anthony M. Farmer
          Anthony M. Farmer
          State Bar No. 24057844
          400 S. Zang, Suite 350
          Dallas, Texas 75208
          214-948-8333
          214-948-0378 (facsimile)
          afarmer@farmerlawgroup.com

          Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I have served a true copy of this response to Mr. James C. Butt, Assistant City Attorney, 1500 Marilla Street, Room 7B North, Dallas, Texas 75201, via the electronic filing system, on this 17th day of November 2015.

          /s/ Anthony M. Farmer
          Anthony M. Farmer